IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| AMOS E. MASON, #M-02422, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL NO. 10-cv-890-JPG |
| | ) | |
| VIRGIL SMITH, LT. HOLTON, | ) | |
| OFFICER ROY, JAMES R. RYAN, | ) | |
| JOHN DOE GRIEVANCE OFFICER, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff, an inmate in the Pontiac Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides, in pertinent part:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

1

28 U.S.C. § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds that the claims in the complaint against identified Defendants may not be dismissed at this point in the litigation.

**Facts:**

The following version of the facts of this case are gleaned from Plaintiff's complaint (Doc. 5). At some unspecified time prior to February 21, 2010, Plaintiff informed Defendant Smith that he did not feel safe in the same cell as his cellmate, and requested to be moved. Defendant Smith denied this request. Plaintiff then met with his psychiatrist, who made a recommendation based on the cellmate's history that Plaintiff be moved to another cell. Defendant Smith again refused to honor this request. Defendant Holton[1] was also made aware of the request, and informed Defendant Smith to ignore it.

On February 21, 2010, Plaintiff was attacked by his cellmate, causing severe injury to his lower lip. Plaintiff was taken to the medical ward, and ultimately sent to an outside hospital for treatment. Plaintiff received stitches to his lip, as well as a hepatitis immunization shot.

**Discussion:**

Plaintiff alleges that Defendants Smith and Holton failed to protect him from a known risk of harm when they refused to move him to a new cell away from his cellmate. In *Farmer v. Brennan*, 511 U.S. 825 (1994), the Supreme Court held that "prison officials have a duty ... to protect

---

[1] Although Plaintiff does not list a Defendant Holt in the caption of his complaint, he does list a Defendant Holton, and describes both as Lieutenants. The Court assumes that where Plaintiff makes claims against 'Holt' in his complaint, he is actually referring to Defendant Holton.

2

prisoners from violence at the hands of other prisoners." *Id.* at 833 (internal citations omitted); *see also Pinkston v. Madry*, 440 F.3d 879, 889 (7th Cir. 2006). However, not every harm caused by another inmate translates into constitutional liability for the corrections officers responsible for the prisoner's safety. *Farmer,* 511 U.S. at 834. In order for a plaintiff to succeed on a claim for failure to protect, he must show that he is incarcerated under conditions posing a substantial risk of serious harm, and that the defendants acted with "deliberate indifference" to that danger. *Id.; Pinkston*, 440 F.3d at 889. A plaintiff also must prove that prison officials were aware of a specific, impending, and substantial threat to his safety, often by showing that he complained to prison officials about a *specific* threat to his safety. *Pope v. Shafer,* 86 F.3d 90, 92 (7th Cir. 1996). In other words, Defendants had to know that there was a substantial risk that those who attacked Plaintiff would do so, yet failed to take any action. *See Sanville v. McCaughtry,* 266 F.3d 724, 733-34 (7th Cir. 2001). However, conduct that amounts to negligence or inadvertence is not enough to state a claim, *Pinkston*, F.3d at 889 (*discussing Watts v. Laurent*, 774 F.2d 168, 172 (7th Cir. 1985)).

Plaintiff alleges that he made Defendants Smith and Holton aware of the threat his cellmate posed. Further, Plaintiff's prison psychiatrist made Defendants Smith and Holton aware of the risk, and recommended that Plaintiff be moved to a new cell. Even with this information from both Plaintiff and the psychiatrist, Defendants Smith and Holton ignored the impending danger. The refusal to heed the warnings resulted in Plaintiff being attacked by his cellmate. Because Defendants Smith and Holton were warned that the cellmate posed a danger to Plaintiff, and because they failed to act on those warnings, this claim for failure to protect cannot be dismissed at this point in the litigation.

**Unnamed Parties:**

Though they are named in the caption of his complaint, Plaintiff has not named Defendants Roy, Ryan, John Doe Prisoner Administrative Review Board Chairperson, or John Doe Grievance Officer anywhere else in his complaint. The reason that plaintiffs, even those proceeding pro se, for whom the Court is required to liberally construe their complaints, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), are required to associate specific defendants with specific claims is so these defendants are put on notice of the claims brought against them and so they can properly answer the complaint. *See Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003) (a "short and plain" statement of the claim suffices under Fed. R. Civ. P. 8 if it notifies the defendant of the principal events upon which the claims are based); *Brokaw v. Mercer County*, 235 F.3d 1000, 1024 (7th Cir. 2000) ("notice pleading requires the plaintiff to allege just enough to put the defendant on notice of facts providing a right to recovery"). Furthermore, merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption.")

Plaintiff has not named Defendants Roy, Ryan, John Doe Prisoner Administrative Review Board Chairperson, or John Doe Grievance Officer elsewhere in his complaint, so that they cannot be said to be adequately put on notice of the claims against them. As a result, Defendants Roy, Ryan, John Doe Prisoner Administrative Review Board Chairperson, and John Doe Grievance Officer are dismissed from this action without prejudice.

**Disposition:**

**IT IS HEREBY ORDERED** that Defendants **ROY, RYAN, JOHN DOE PRISONER ADMINISTRATIVE REVIEW BOARD CHAIRPERSON,** and **JOHN DOE GRIEVANCE**

**OFFICER** are **DISMISSED** from this action without prejudice.

**IT IS FURTHER ORDERED** that the Clerk of Court shall prepare for Defendants **SMITH** and **HOLTON** (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, with respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Frazier** for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to **United States Magistrate Judge Frazier** for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED.R.CIV.P. 41(b).

**IT IS SO ORDERED.**

**DATED:   March 10, 2011**

                                                      *s/J. Phil Gilbert*
                                                      **United States District Judge**